IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

N. CHARLES PICKETT, JR., et al.,  No. C-11-0445 TEH (PR)

       Plaintiffs,  ORDER OF DISMISSAL

       v.

E.G. BROWN, JR.,

       Defendant.

_____/

    Plaintiff N. Charles Pickett, Jr. (hereinafter "Plaintiff Pickett"), a prisoner at Correctional Training Facility - Central ("CTFC") in Soledad, California, along with other inmate plaintiffs, has filed a <u>pro se</u> civil rights complaint under 42 U.S.C. § 1983 on behalf of all African-American state prisoners sentenced under the Three Strikes Law. Plaintiff has also filed a motion for class certification (Doc. #2), a motion for leave to proceed <u>in forma pauperis</u> (Doc. #5), and a motion to exclude a class member (Doc. #9).

<u>Background</u>

    Plaintiffs are seven prisoners at CTFC who have brought a civil rights complaint against California Governor Edmund J. Brown,

Jr. under 42 U.S.C. § 1983 alleging that their civil rights have been violated because (1) California judges are applying the Three Strikes Law in a discriminatory manner, and thereby subjecting African-American defendants to involuntary servitude, in violation of these defendants' due process rights and in violation of the Thirteenth Amendment, and (2) that Propositions 8 (on the June 1982 ballot) and 184 (on the November 1994 ballot) violate the Thirteenth Amendment because they were passed with the intent to subject African Americans to involuntary servitude.  Plaintiffs are not challenging the validity of their convictions.  Plaintiffs seek censure of all California Superior Court judges and any appropriate injunctive relief and damages.  Doc. #1.

## DISCUSSION

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

2

Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Request for Class Certification

Pro se prisoner plaintiffs may not bring class actions. The prerequisites to maintenance of a class action are that (1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law and fact, (3) the representative party's claims or defenses are typical of the class claims or defenses, and (4) the representative party will fairly and adequately protect the class interests.  Fed. R. Civ. P. 23(a).  It is well established that pro se prisoner plaintiffs are unable to fairly represent and adequately protect the interests of the class. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); Griffin v. Smith, 493 F.Supp. 129, 131 (W.D.N.Y. 1980).  Therefore, this pro se action cannot proceed as a class action and Plaintiffs' request for class certification is DENIED.  Doc. #2.

Nor can the pro se action proceed as to any plaintiff other than the lead plaintiff, N. Charles Pickett, Jr.  Plaintiffs William Earl Tolbert, William Little Anderson, Brian Andrew Smith, James Metters, Darrin Oden and Robert Alan Brace are DISMISSED as Plaintiffs from this action without prejudice to filing their own individual pro se actions.

C.   Legal Claims

With respect to Plaintiff Pickett's personal claims, the complaint is deficient for several reasons.  First, it is unclear

3

whether Plaintiff Pickett has standing to challenge the Three Strikes Law.  In order to have standing to bring a civil rights claim, a plaintiff must show that (1) he has suffered a concrete, particularized injury, (2) there is a casual connection between the injury and the conduct complained of, and (3) the injury will likely be redressed by a favorable decision.  See <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992).  The absence of any one of these elements deprives a plaintiff of Article III standing and requires dismissal.  See <u>Whitmore v. Federal Election Comm'n</u>, 68 F.3d 1212, 1215 (9th Cir. 1995).  Plaintiff Pickett does not indicate in his complaint whether he has been sentenced under the Three Strikes Law, or whether he is challenging his sentence.  Therefore, he has not shown that he has standing to challenge the Three Strikes Law.

Second, to the extent Plaintiff Pickett (or any other purported class member) is claiming that his sentence is unconstitutional because of discriminatory application of the Three Strikes law, he must bring such a claim in a habeas petition.  The Supreme Court has consistently held that any claim by a prisoner attacking the fact or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. See <u>Calderon v. Ashmus</u>, 523 U.S. 740, 747 (1998); <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997); <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).  Because Plaintiff's claim would necessarily imply the invalidity of his sentence and continuing confinement, it too must be brought in a habeas petition.

4

Lastly, the complaint seeks censure against state court judges and injunctive relief for the judges' allegedly discriminatory application of the Three Strikes Law.  Federal courts refrain from issuing injunctive relief where such relief would require the federal court to supervise ongoing state judicial proceedings.  See Pullman v. Allen, 466 U.S. 522, 541-42 (1984).  Plaintiff Pickett seems to be requesting that this Court govern the manner in which state court judges sentence African-American criminal defendants.  Principles of comity prohibit federal courts from granting the broad relief which Plaintiff Pickett seeks.

### III.

1.   Plaintiffs' motions for class certification is DENIED.  Doc. #2  Plaintiffs William Earl Tolbert, William Little Anderson, Brian Andrew Smith, James Metters, Darrin Oden and Robert Alan Brace are DISMISSED as plaintiffs from this action without prejudice.  These Plaintiffs are free to file a civil rights complaint or habeas petition in their individual capacities.  The Court will enclose a copy of the civil rights complaint and habeas petition with this order.

Since the class certification motion has been denied, Plaintiff Pickett's motion to exclude class members (Doc. #9) and Plaintiff Robert Alan Brance's motion to substitute class member (Doc. #11) are DISMISSED AS MOOT.  The motions of Brian Andrew Smith, William Earl Tolbert, Robert Alan Brace, and William Little Anderson to proceed in forma pauperis are also DISMISSED AS MOOT.

Doc. ## 7, 10, 12, 13. The Plaintiffs' joint motion for appointment of counsel is also DISMISSED AS MOOT. Doc. ## 15, 16.

       2. As to Plaintiff Pickett, this complaint is DISMISSED without prejudice to filing a habeas action. If Plaintiff Pickett believes that he has civil rights claims which do not attack the fact or duration of his confinement, he may file a new civil rights action. Based solely on his affidavit of poverty, Plaintiff Pickett's request to proceed <u>in forma pauperis</u> is GRANTED. Doc. #5.

The Clerk shall enter judgment in accordance with this order, terminate any pending motions as moot and close the file.

IT IS SO ORDERED.

DATED   09/07/2011

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.11\Pickett-11-445-dismissal-wo-prej2.wpd

6